[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 113.]

OFFICE OF DISCIPLINARY COUNSEL *v*. EASTERWOOD.

[Cite as *Disciplinary Counsel v. Easterwood*, 2002-Ohio-1942.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct adversely reflecting on fitness to practice law—Engaging in conduct involving moral turpitude—Engaging in conduct prejudicial to the administration of justice—Neglect of an entrusted legal matter—Failing to carry out contract of professional employment—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglecting or refusing to assist in disciplinary investigation—Commingling client funds with personal funds.*

(No. 01-2176—Submitted January 30, 2002—Decided April 24, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-13.

————————————

*Per Curiam*.

{¶ 1} On January 26, 2001, relator, Office of Disciplinary Counsel, filed a seven-count complaint charging respondent, Terry Scott Easterwood of St. Clairsville, Ohio, Attorney Registration No. 0018255, with numerous violations of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations of the parties, the panel found that respondent sought treatment in 1999 for substance abuse from Crossroads Counseling Service "Crossroads." Although respondent assured representatives of the Ohio Lawyers Assistance Program ("OLAP") in January 2000 that he was being treated at Crossroads, video cassettes obtained by the police from one of respondent's clients

in April 2000 showed him using crack cocaine with the client. In August 2000, in response to a letter of inquiry from relator, respondent admitted that he had a substance abuse problem. He also admitted this at a deposition in October 2000. As a result, respondent entered into a treatment contract with Crossroads in November 2000. However, respondent met the terms of the contract only sporadically. In June 2001, he entered into a contract with OLAP, but, as of October 2001 (the month the stipulation was signed), he had not fulfilled the conditions requiring that he participate in a "12 Step Self Help Program" or participate in continuing outpatient therapy. As a result, the panel concluded that respondent violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude) and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law).

{¶ 3} Again, based on stipulations, the panel found that in 1997, Martha V. McConnaughy agreed to pay respondent $1,500 if he would represent her in a divorce case. After the divorce was granted, respondent did not draft or file a Qualified Domestic Relations Order as ordered by the court because McConnaughy had paid only $300 of the agreed fee. Respondent, however, did not notify McConnaughy or the court that he was not proceeding further in the case. The panel concluded that this inaction by respondent violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

{¶ 4} In addition, the panel found that in January 2000, respondent agreed to represent Fannie Snyder, who was seeking custody of her sixteen-year-old granddaughter. After receiving a retainer of $450, respondent took no action in the case. Snyder terminated the representation and asked for a refund of the retainer. Although respondent promised to comply, he failed to send the refund or an accounting until after Snyder filed a grievance with relator and relator had sent two letters of inquiry to respondent. Finally, in November 2000, respondent sent Snyder a refund of only $350 but did not provide a billing statement or any accounting for

the $100 he retained. The panel concluded that respondent's inaction violated DR 1-102(A)(5), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of professional employment), and 7-101(A)(3) (a lawyer shall not prejudice or damage his client).

{¶ 5} The panel further found that after Leslie Allen hired respondent in August 1999 and paid him $725 to file a bankruptcy for her, respondent took no action although he repeatedly assured her that her case was progressing. Respondent did not return Allen's money until she sued him in small claims court. The panel concluded that respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5), 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3).

{¶ 6} The panel also found that in May 1999, respondent agreed to represent Mary Jo Gossett in the purchase of a home. Respondent then failed to pay the tax bill, which Gossett forwarded to him, although the seller had given respondent $339.32 to pay the taxes on the home. Despite Gossett's repeated requests that respondent make the payment, the taxes became delinquent, and continued to be unpaid despite relator's November 2000 letter of inquiry to respondent about the matter to which respondent never replied. The panel concluded that this additional inaction violated DR 1-102(A)(4), 1-102(A)(6), 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing).

{¶ 7} Finally, the panel found that on several occasions in 1999 and 2000, respondent wrote personal checks to himself on his client trust account and that in May 2000, respondent wrote three checks to the United States Bankruptcy Court that were returned for insufficient funds. The bankruptcy judge filed a grievance against respondent, but it appears that respondent did not reply to relator's letter of inquiry regarding the matter. In August 2000, the bankruptcy judge held a hearing on the matter, and respondent then made the appropriate payments on the checks.

The panel concluded that respondent's conduct violated DR 1-102(A)(5), 1-102(A)(6), and 9-102(A) (a lawyer shall not commingle funds of a client with personal funds).

{¶ 8} The parties agreed upon a sanction of indefinite suspension from the practice of law, and the panel made that recommendation. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 9} Upon review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Claudia S. Herrington*, Assistant Disciplinary Counsel, for relator.

*Terry Easterwood, pro se.*

––––––––––––––––––